CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JUL 1 2 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLIE WOOLSTENHULME,

    Plaintiff,

v.    No. CIV-99-0716 BB/WWD

JIM BACA,
JOHN DANTIS,
LAWRENCE MASON, and
BERNALILLO COUNTY DETENTION CENTERS -
MEDICAL DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiff's claims against certain Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the

complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was denied medical treatment for a serious dental condition. Specifically, Plaintiff alleges that medical staff told him that the treatment he required was too complicated to be performed at the detention center. Staff recommended a "medical furlow," but this was denied. The complaint seeks unspecified damages.

The complaint's factual allegations do not support Plaintiff's claims against Defendants Mason, Baca, and Medical Department. First, Plaintiff concedes that he received medical attention from Defendant Mason, who recommended the "medical furlow." And second, no allegations are made linking Defendants (Mayor) Baca or Medical Department to the alleged deprivation. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against an official or municipal entity may not be based solely on a theory of respondeat superior liability for the actions of employees and workers supervised by the official. *Id.* Plaintiff's claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is GRANTED, and the initial partial filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall pay the full amount of the filing fee in monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk of the Court shall provide Plaintiff with two copies of the post-filing financial certificate,

and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order.

IT IS FURTHER ORDERED that if Plaintiff fails to have the designated monthly payments sent to the Clerk of the Court by the designated deadline or to show cause why he has no assets and no means by which to pay the monthly payments, the civil rights complaint will be dismissed without prejudice without further notice.

IT IS FINALLY ORDERED that Plaintiff's claims against Defendants Baca, Mason, and Bernalillo County Detention Centers - Medical Department are DISMISSED with prejudice, and these Defendants are DISMISSED as parties to this action; and the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Dantis in his individual capacity.

UNITED STATES DISTRICT JUDGE